**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BRANCH BANKING AND TRUST CO., | ) |
| Plaintiff(s), | ) Case No. 2:11-cv-01820-GMN-NJK |
| vs. | ) SECOND ORDER TO SHOW CAUSE |
| POST RAINBOW, et al., | ) |
| Defendant(s). | ) |

On March 22, 2013, the parties filed a stipulation to extend discovery (signed by Plaintiff's and Defendants' attorneys), advocating that this Court should extend discovery in the same manner as other Magistrate Judges had done in "related cases." Docket No. 53 at 4-5.  In particular, that stipulation indicates that "**[t]here are currently two other cases pending before this Court involving the same parties, same claims for relief, and identical legal issues**: BB&T v. Ford Duneville, LLC, Case 2:11-cv-01776-JCM-GWF (the 'Ford Duneville Case') and BB&T v. The Borsack Group, Inc., Case 2:11-cv-01819-KJD-VCF (the 'Borsack Group Case')." *See* Docket No. 53 at 4 (emphasis added).  Indeed, the stipulation emphasized this point, providing in addition that there are "**Two Related Cases Involving The Same Parties**." *Id.* at 4 (emphasis in original).

On April 1, 2013, the parties filed responses to the Court's order to show cause as to why notices of related cases had not been filed in light of the above statement.  Plaintiff's response argues that "**it does not appear that these three lawsuits involve the same parties, are based on the same claims, or involve the same property.**" Docket No. 56 at 3 (emphasis added); *see also*

*id.* ("these three cases involve three different loans, made at three different times, to three different borrowing entities, and are secured by three different parcels of real property"). Despite the fact that they are facially contradictory, Plaintiff does not attempt to reconcile its representation to the Court in the stipulation with its representation to the Court in the response to the order to show cause.

This Court has authority to issue sanctions based on misrepresentations to the Court. *See, e.g.*, Fed. R. Civ. P. 11(b)(3), 11(c) (factual contentions lacking evidentiary support are sanctionable); *see also Mazaheri v. Pederson*, 2010 WL 4275318. *3 (C.D. Cal. Oct. 25, 2010) (knowing or reckless misrepresentations are sanctionable under Court's inherent authority). Here, the stipulation advocating for an extension of discovery matching the extensions entered in the two "related cases" says one thing, and Plaintiff's response to the order to show cause says quite another thing. Based on the papers submitted, the Court is unable to reconcile these statements or determine what basis existed for the statement made jointly by counsel in the stipulation.

Accordingly, both Plaintiff's and Defendants' counsel are hereby **ORDERED** to show cause in writing, no later than April 10, 2013, why they should not be sanctioned under Rule 11 and/or the Court's inherent authority in court fines up to $1,000 each. In particular, counsel shall explain the basis for their joint statement that "[t]here are currently two other cases pending before this Court involving the same parties, same claims for relief, and identical legal issues: BB&T v. Ford Duneville, LLC, Case 2:11-cv-01776-JCM-GWF (the 'Ford Duneville Case') and BB&T v. The Borsack Group, Inc., Case 2:11-cv-01819-KJD-VCF (the 'Borsack Group Case')." *See*, *e.g.,* Docket No. 53 at 4. Because the Court cannot decipher the signature of Plaintiff's counsel on Docket No. 53, the responses hereto shall also indicate which attorney signed that stipulation for Plaintiff.

IT IS SO ORDERED.

DATED: April 3, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge